## DIXON v. UNITED STATES.
### No. 1805.

District Court, D. Wyoming.
July 19, 1935.

G. R. McConnell, of Laramie, Wyo., Frank W. Mondell, of Washington, D. C., and Clarence A. Swainson, of Cheyenne, Wyo., for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe, F. A. Michels, and F. A. LeSourd, Sp. Assts. to the Atty. Gen., Carl L. Sackett, U. S. Atty., of Cheyenne, Wyo., Robert H. Jackson, Asst. Gen. Counsel, of Washington, D. C., Thomas R. Winter, Sp. Atty., of Seattle, Wash., and F. G. Sievers, of Washington, D. C., Engineer Atty. of the Bureau of Internal Revenue, for the United States.

KENNEDY, District Judge.

This is a suit to recover certain income taxes claimed by plaintiff to have been erroneously assessed to and paid by him. Issue was joined and the case tried to the court without the intervention of a jury by stipulation. Further consideration of the basis of the claim by plaintiff will be made after a brief review of the facts.

In 1888, plaintiff, as a homesteader, became the owner of a one-half section of land in section 10, township 19 north, range 78 west, and in 1896 by purchase became the owner of 160 acres in section 34, township 20 north, range 78 west, all in the county of Carbon, state of Wyoming. The property was continuously owned by him thereafter and used for agricultural and stock raising purposes. The general area in which this land is located was explored for oil content at various times for a period of about twelve years before the actual discovery and production of oil. Some of the territory was placed under gas and oil lease. In 1911 there was a drilling operation conducted about six miles from plaintiff's claim which was abandoned at 1,700 feet with a small showing of oil shale. In 1912 the plaintiff executed an oil and gas lease covering a part of section 34 which required a drilling operation to be commenced within a year, but nothing apparently was done under this lease. In 1917 plaintiff executed a lease to one Armstrong, who also had a number of leases upon other property in the same area, under which drilling operations were commenced on property about half a mile from plaintiff's land, resulting in the discovery of oil on May 1, 1918. In February, 1919, drilling was started on plaintiff's land resulting in the discovery of oil in December, 1919. In May, 1919, the plaintiff sold, assigned, and quitclaimed to the Lance Creek Royalties Company one-half of the reserved oil royalties in his lands under the Armstrong lease for a consideration of $207,500. Through an agent of the Internal Revenue Bureau in 1920, his income tax return was made for the year 1919 in which the entire $207,500 was included as income upon the representation of the agent that it should be so returned. The total tax assessed upon this amount was $98,832.81. Afterward a correction was made by which $1,543.38 was deducted. By virtue of the execution of a waiver the period of limitation for the determination of taxes was extended. Formal claim for refund was filed with the Commissioner, which, after being under consideration for a considerable period, was denied in 1925, but an application was filed for further consideration, and the matter was again reviewed by the Commissioner, resulting in his absolute denial of the claim on February 10, 1926, and this suit was instituted on February 9, 1928. The ground for the claim as filed was, that the taxpayer was entitled to a deduction for depletion which had been omitted in the original return and upon the application for a reconsideration the plaintiff also asked that the statute providing for the 20 per cent. surtax limitation should be applied. In the brief which was filed with the Commissioner and which statements therein contained were certified by the plaintiff over his signature, it was represented that the value of the property on March 1, 1913, was not an element for consideration, but that the basis of market

value should under the law be considered as at the date of the discovery or within thirty days thereafter. A considerable portion of the record is taken up in an endeavor to ascertain the market value of the land of plaintiff on March 1, 1913, and an effort is made to show that the property for oil and gas purposes had a true and ascertainable value on that date. The testimony of plaintiff's witnesses is to the effect that it had on account of the exploration and attempted development gained an ascertainable value before March 1, 1913, while the testimony of the defendant's witnesses points to the conclusion that there was no value which might be established by any of the recognized standards until the real discovery of oil upon adjacent property in 1918. I shall not attempt to analyze in detail this testimony in the view which I take of the propositions here presented and owing to the limited time which may be devoted to a consideration of the questions presented in this memorandum.

The defendant in the first instance claims that plaintiff's suit is barred by the statute of limitations, in that it was not filed within two years after the disallowance of the claim (26 U.S.C.A. § 156; 44 Stat. 116, § 1113(a), see 26 U.S.C.A. §§ 1672–1673), as the original decision rejecting the claim was rendered in 1925. Upon application for reconsideration, the claim was reconsidered by the Commissioner and a formal rejection made on February 10, 1926. Inasmuch as the claim was reconsidered by the Commissioner, it must be held that the final rejection did not take place until 1926. The suit, being instituted during the two-year period, is not barred by the statute.

The first basis of the relief sought by plaintiff is that the market value of the property on March 1, 1913, must be ascertained and deducted from the price received from the sale of royalties. (Section 202, Revenue Act 1918, 40 Stat. 1060). I think that the claim must be rejected upon this ground, for two reasons: (1) No claim was made at any time for a refund of the tax which involved the March 1, 1913, value of the land. In fact, a claim involving this issue was expressly excluded by the taxpayer and his attorneys in their formal claims and briefs presented to the Department. It is true that under the ruling of the cases a technical attitude should not be assumed in construing claims of this character. I know of no rule, however, which seems to justify as a basis for a claim, elements which were excluded from consideration in the claim as filed and to now consider the matter upon a claim for depletion as involving a deduction from the sales price the attempted proof of market value in 1913 would be an offense against the most liberal rule of construction. (2) The proofs of the plaintiff are far from satisfactory in the attempt to establish any market value for oil and gas purposes on March 1, 1913. The ingenious process of reasoning by one of plaintiff's witnesses was to take the present known value and by deduction to say that the oil content was the same in 1913, and therefore of the same value at that time as when the sale was made. Other witnesses for plaintiff used other processes, but owing to the meager knowledge of the oil structure and the limited attempts made for exploration before 1913 they can be scarcely said to measure up to the standard which is required in proving fair market value. For the reasons stated, the claim upon this basis must be rejected.

The next basis of recovery laid in the petition is under the statute relating to depletion under section 214 of the Revenue Act of 1918 (40 Stat. 1066). This statute provides that where mines, oil and gas wells are discovered on and after March 1, 1913, where the property is materially disproportionate to the cost, the depletion allowance shall be based upon the fair market value at the date of discovery or within thirty days thereafter. The difficulty encountered in applying this statute is, that it seems to have been construed by the courts as not being applicable to sales of oil and gas properties. Under a similar provision of the 1926 act, Judge Phillips, speaking for the court in Darby-Lynde Co. v. Alexander (C.C.A.) 51 F. (2d) 56, holds that the term "depletion" applies to the sale or disposition of oil or gas produced and not to the sale of oil or gas properties. This distinction seems also to be made in Herring v. Commissioner, 293 U.S. 322, 55 S.Ct. 179, 79 L. Ed. 389, in which it was held that the deduction by depletion might be applied to advance royalty or bonus received. Under the facts in the case at bar, I see no way under a fair construction that the transaction can be construed, either in the nature of an advance royalty or a bonus, as it was a completed sale in which the

title itself passed from the plaintiff to the purchaser. The claim of plaintiff upon the theory of depletion cannot, therefore, be sustained.

The remaining basis of the claim is an attempt to apply the 20% clause as found in section 211(b), of the Revenue Act of 1918 (40 Stat. 1062), which reads:

"Sec. 211. * * *

"(b) In the case of a bona fide sale of mines, oil or gas wells, or any interest therein, where the principal value of the property has been demonstrated by prospecting or exploration and discovery work done by the taxpayer, the portion of the tax imposed by this section attributable to such sale shall not exceed 20 per centum of the selling price of such property or interest."

It will be noted that this provision is predicated upon discovery work done by the taxpayer. The difficulty in applying this provision in the case at bar is that we are confronted with the facts that at the time the sale was made by plaintiff of the one-sixteenth royalty interest there had been no discovery upon plaintiff's land. The record discloses, as before stated, that drilling was not started on plaintiff's land until February, 1919, a sale of the royalty interest was made in May, 1919, and oil was not discovered on the plaintiff's land until December, 1919. It is true that oil was discovered on land adjoining that owned by the plaintiff in May, 1918, but it is impossible to say that this amounted to a discovery which demonstrated the value of plaintiff's property for oil and gas, having in mind the well-known freakish proclivities of supposed oil structures to produce at one spot and not at another comparatively near. The regulation of the Department in its fair construction would seem to apply to individual undeveloped claims where discoveries have been made and not to general localities, and, as so construed, the similar regulation in the various revenue acts covering the subject seems to have met with the approval of both Congress and the courts. Newman v. Commissioner (C.C.A.) 40 F.(2d) 225. I do not consider the matter as to whether or not the discovery might not be made by forces put in operation by the taxpayer, although the work was not actually done by him or under his immediate control. It would seem that he might have the right to participate where discovery is made through efforts brought in-

to being by him where he has not actually done the work. However, I do not reach the point of determining this question, owing to the fact, as before stated, that no discovery was made prior to the sale of the royalty interest.

For the reasons stated, the conclusion must be that the plaintiff is not entitled to recover. The motions for judgment made by plaintiff and defendant at the close of the evidence will be overruled as to the plaintiff and sustained as to the defendant, reserving to plaintiff his proper exceptions. Judgment will be entered accordingly for the defendant, with costs to be taxed within five days from the date of this memorandum.